SHERMAN, adm'x, &c. *vs.* THE ROCHESTER AND SYRACUSE
RAILROAD COMPANY.

An employer is not liable to one of his agents or servants, for an injury sus-
tained by the latter in consequence of the misfeasance or negligence of
other agents or servants of the employer, engaged in the same general
business.

Accordingly, where a person in the employ of a railroad company, as a brake-
man, was killed by being thrown from a train of cars while going at a rapid
rate, against a pile of wood which had been placed by the servants of the
company near the track; *Held* that no action would lie against the railroad
company, by his personal representative, to recover damages, under the
act of December 13, 1847.

Where an affirmative act is complained of, the only way in which a corporation
can be made liable, in an action on the case, is, either by their organized
action through the board of directors, or for the acts of its agents on the
principle of *respondeat superior.*

DEMURRER to the complaint. The facts set forth in the
complaint sufficiently appear in the opinion of the court. The
defendants demurred to the complaint, assigning the following
causes of demurrer: 1. That the facts stated in the complaint
were not sufficient for the plaintiff, as the administratrix of
Sharon Sherman, deceased, to maintain an action against the
defendants. 2. That the facts set out in the complaint, were
not sufficient, had the deceased survived the injury, for him to
have sustained an action against the defendants, to recover dam-
ages for the injury. 3. That the deceased was engaged with
others in operating railroad cars, and whatever injury happened
to him was the consequence of his own negligent and careless
conduct, and the negligent and careless conduct of his associate
operators; that therefore no action could be sustained against
the defendants, in favor of the plaintiff. 4. That the complaint
did not allege facts and circumstances sufficient to sustain an
action against any of the defendants or any other person.

*H. R. Selden,* for the defendants.

*T. Hastings,* for the plaintiff.

Sherman *v.* The Rochester and Syracuse Railroad Co.

*By the Court*, WELLES, J.   The action is brought to recover damages for an injury to the plaintiff's intestate which produced his death.   The statute, under which the action is sought to be maintained, provides that "whenever the death of a person shall be caused by wrongful act, neglect or default, *and the act, neglect or default, is such as would, (if death had not ensued,) have entitled the party injured to maintain an action and recover damages, in respect thereof,* then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages," &c.   (*Laws of* 1847, *ch.* 450, § 1.)   The second section of the act provides, among other things, that such action shall be brought by and in the names of the personal representatives of such deceased person, &c.   This 2d section was afterwards amended, by limiting the recovery in such action to an amount not exceeding $5000.   (*Laws of* 1849, *ch.* 256, § 1.)   This case must therefore be decided, the same as if the plaintiff's intestate had survived the injury, and the action had been brought in his name.   The complaint among other things states in substance that Sharon Sherman, the intestate, at the time of the injury complained of, was. in the employ of the defendants for hire, in the capacity of a brakeman, and charged with the duty and responsibility of applying the brakes to certain of the defendants' cars when in motion on the railroad, as he should, by signals, be directed by other agents or officers of the defendants' train of cars, for the purpose of regulating the velocity of such trains.   That he was required by his duty as such brakeman, in pursuance of the instructions of the defendants, to ride upon the cars, and obey the directions of superior officers of said defendants, and had no right to interfere or change the velocity of such trains, unless so directed by the proper officers.   That on the 5th day of July, 1852, the defendants' mail train of cars left Rochester on its way east, at the hour appointed by the defendants for that purpose ; upon which it became and was the duty of said Sharon Sherman to go and officiate in his capacity of brakeman ; and that he was upon said train in the discharge of such duty, when the train, as it approached a place

between Canandaigua and Shortsville, where the defendants had previously caused a large quantity of wood to be piled on each side of, and immediately contiguous to the track of the railroad, leaving just room for the cars to pass, had by, the carelessness and negligence of the defendants, and without any fault or negligence of said Sherman, been suffered to obtain the unusual and dangerous rate of speed of about eighty miles to the hour, at which rate the train was suffered to enter the space between the piles of wood and to run against a cow or ox then there being, by means whereof one or more of the cars was violently thrown from the track, and that the said Sherman was then and there, by means of the culpable negligence and carelessness of the defendants, thrown from the train, while he was, without any fault on his part, discharging his duty, into and upon one of the said piles of wood, with such violence as to cause his death on the 8th day of said month of July.

Assuming that the carelessness here complained of, was that of the agents or servants of the defendants, other than that of the plaintiff's intestate, the action cannot be sustained. It was decided by the court of appeals of this state, in the late case of *Coon* v. *The Syracuse and Utica Railroad Co.* (1 *Seld.* 492,) that an employer is not liable to one of his agents or servants for the negligence of another of his agents or servants, engaged in the same general business. The same principle had been previously decided in England, in South Carolina, and in Massachusetts. (*Priestly* v. *Fowler*, 3 *Mees. & Welsb.* 1. *Murray* v. *S. Carolina Railroad Co.* 1 *McMullan*, 385. *Farwell* v. *B. and W. Railroad Co.* 4 *Metc.* 49.) In such case, the doctrine of *respondeat superior* does not apply. The law may now be considered too well settled, upon authority, to admit of discussion or contradiction.

I think it must be intended from all the allegations in the complaint, that the injury to the deceased was caused by the negligence and carelessness of the servants or agents of the defendants. It consisted in allowing the train to attain and continue the unusual and dangerous rate of speed mentioned. No defect in the engine or machinery, or in the cars or the road is

Sherman *v.* The Rochester and Syracuse Railroad Co.

alleged; nor is it charged that there was any want of capacity in the engineer, conductor or other person engaged in running the train, or defect in their general character for carefulness or attention to their duties ; and no complaint is made that there was any thing wrong in piling the wood in the road as described. The complaint states that the speed was regulated, in part at least, by the application of the brakes according to the direction, by signals, of other agents or officers of the defendants. It is nowhere intimated, nor can it, with any propriety, be inferred from any thing stated in the complaint, that the dangerous velocity of the train, at the time referred to, was directed by the defendants in their corporate character. The complaint does state, that the train had attained this dangerous speed by the carelessness and negligence of the defendants ; but it is not stated how the defendants, as a corporate body, were guilty of such negligence, which could only be, by a formal resolution of the board of directors, duly convened, directing the act complained of to be done. This, it will hardly be contended, would be a just inference.

I do not intend to assert that the corporation as such, could not, without the act of the board of directors, be guilty of negligence in the absence of any fault of their agents or servants, *in the case of an omission to do what their duty to the community or persons in their employment required.* In such a case, the gist of the complaint would be the culpable *omission* of the board to take the requisite action. But where an affirmative act is complained of, as in the case at bar, the only way in which the corporation can be liable, in an action on the case, is, either by their organized action through the board of direction, or for the acts of their agents on the principle of *respondeat superior.*

It was not attempted upon the argument to put the plaintiff's right to recover on any other ground than the negligence of the defendants' agents. Upon that ground the question was fairly met by the counsel, who sought to sustain the complaint upon the doctrine of *respondeat superior* alone. In that view, we think the law is settled against the plaintiff, by the cases re-

ferred to, which cannot be distinguished in principle from the present.

We are therefore of the opinion that the defendant is entitled to judgment on the demurrer, with leave to the plaintiff to amend the complaint on payment of costs.

[MONROE GENERAL TERM, September 5, 1853. *Welles, Selden* and *T. R. Strong,* Justices.]